**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4238**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SHAMAR KEATON,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:22-cr-00049-FL-1)

_____

Submitted: January 31, 2025                      Decided: May 6, 2025

_____

Before AGEE, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion. Judge Quattlebaum wrote a concurring opinion, in which Judges Agee and Richardson joined.

_____

**ON BRIEF:** Anne M. Hayes, Cary, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Erin C. Blondel, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shamar Keaton pled guilty, without a plea agreement, to distributing a quantity of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  The district court sentenced Keaton to 135 months' imprisonment, within his advisory Sentencing Guidelines range, and imposed a three-year term of supervised release.  On appeal, Keaton argues that the district court committed reversible error under *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), by including in the written judgment discretionary conditions of supervised release not pronounced at sentencing or materially different than those pronounced at sentencing.  Based on our recent decision in *United States v. Bullis*, 122 F.4th 107 (4th Cir. 2024), we agree and, therefore, vacate Keaton's sentence and remand for resentencing.

A district court is required to orally pronounce at sentencing all discretionary conditions of supervised release.  *Rogers*, 961 F.3d at 296.  This requirement "is a critical part of the defendant's right to be present at sentencing," *id.* at 300 (internal quotation marks omitted), and ensures that the defendant has an opportunity "to avoid the imposition of unwarranted conditions," *id.* at 298.  In addition to a district court's failure to pronounce discretionary conditions of supervised release at sentencing, a reversible *Rogers* error may occur if there is "a material discrepancy between a discretionary condition as pronounced and as detailed in a written judgment."  *United States v. Mathis*, 103 F.4th 193, 197 (4th Cir. 2024) (internal quotation marks omitted).  "We review the consistency of an oral sentence and the written judgment *de novo*, comparing the sentencing transcript with the

2

written judgment to determine whether a[] [*Rogers*] error occurred as a matter of law." *Bullis*, 122 F.4th at 112 (brackets and internal quotation marks omitted).

A sentencing court may satisfy its pronouncement obligation by expressly incorporating a written list of conditions, "such as the recommendations of conditions of release that have been spelled out in the defendant's PSR, or those established by a court-wide standing order." *United States v. Smith*, 117 F.4th 584, 604 (4th Cir. 2024). Additionally, "the written judgment does not have to match perfectly with the oral pronouncement," as "not all inconsistencies between the written judgment and what was orally pronounced are reversible error." *Mathis*, 103 F.4th at 197. For example, a discrepancy is not reversible: (1) "when the oral pronouncement is ambiguous" and "the written judgment's different language . . . serve[s] to clarify the sentence"; or (2) "when the government has offered an explanation for the alleged inconsistency" between the oral pronouncement and the written judgment, "to which the defendant has not responded." *Id.* In contrast, a discrepancy in the written judgment is material—and does not simply clarify the oral pronouncement—when "it imposes a new condition by outlining an additional obligation" on the defendant. *Id.* at 198. The remedy for a *Rogers* error is to vacate the defendant's sentence in its entirety and remand for resentencing. *United States v. Lassiter*, 96 F.4th 629, 640 (4th Cir. 2023) ("Our precedents are clear: When a *Rogers* error occurs, we must vacate the entire sentence and remand for full resentencing."), *cert. denied*, No. 23-7568, 2024 WL 4426906 (U.S. Oct. 7, 2024).

In *Bullis*, we addressed the same *Rogers* errors that Keaton alleges here. Specifically, we concluded that the district court committed reversible *Rogers* errors by

3

including in its written judgment "a search category that [wa]s substantially broader than its oral pronouncement" and by failing to expressly incorporate the standard conditions of supervised release adopted in the Eastern District of North Carolina. *Bullis*, 122 F.4th at 118; *see id.* at 119.

Because the district court committed the same errors here, we vacate Keaton's sentence and remand for resentencing. *See id.* at 119 (vacating and remanding for resentencing). In light of this holding, we do not address Keaton's arguments challenging the reasonableness of the warrantless search condition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

QUATTLEBAUM, Circuit Judge, with whom Judges AGEE and RICHARDSON join, concurring:

I concur in the decision to vacate and remand. *United States v. Bullis*, 122 F. 4th 107, 118 (4th Cir. 2024) requires this result. I write to reiterate my concerns about our circuit's jurisprudence in this area. *See United States v. Kemp*, 88 F. 4th 539, 547-553 (4th Cir. 2023) (Quattlebaum, J., concurring). Requiring a full resentencing for the minor discrepancy in this case illustrates the problems with our approach. Despite those problems, I must go along with the remand here but only because our circuit's precedent compels it.

5